In the first case of oral argument, Apple Inc. v. Smart Mobile Technologies, 24-1607 and 25-1090, we combined, consolidated the cases this morning for purposes of argument, and we have cross appeals as well on that. So, Councilor Oliver, are you ready? Okay. Now, you reserved five minutes for rebuttal. Is that correct? You may proceed. Thank you. Good morning, and may it please the Court. Angela Oliver on behalf of Apple. There are three primary issues across these IPRs. The main issue is the construction of the term multiplexed signals. Apple's construction comes directly from the specification, which says that connections may be used simultaneously or sequentially for combining multiple data paths into a single path. The Board erred by holding that multiplexing would not include sequential use of paths. The remaining issues before the Court relate to whether the prior art teaches multiplexing under the Board's construction and Apple's construction. How does sequential use of paths multiplex signals? Your Honor, because the patent tells us that sequential is a type of multiplexing here. It's a type of multiplexing, but it's not a type of multiplexing signals. I understand. The preamble says, I get it. If the preamble wasn't limiting, we might be in a different place. But the preamble doesn't just say multiplexing or use a multiplexer to use data. It says multiplex signals, which suggests something different than just basic multiplexing, doesn't it? No, Your Honor. We don't think so here. We think our construction, which combines data paths, that there's really no daylight between those two things. We don't multiplex signals in the abstract. That is happening on paths. And so when we're talking about combining multiple paths into one, we're talking about what is happening to the signals on those paths. But the prior art doesn't show multiplexing signals. It shows multiplexing paths, right? Yes. It shows multiple paths being combined into one, which under our construction is multiplexing, is multiplexing signals, because that is what is happening to the signals on those paths. And to be clear, this is the same level of— If it's sequential, one signal goes from one part, then it switches to another part, that signal goes, it switches to another one, that goes. That's sequential. Multiplexing signals is combining all three to go through at once, isn't it? Your Honor, no. And I'll have two quick responses to that. First, SmartMobile concedes in its briefing on appeal that multiplexing does not require that multiple data flows be simultaneously communicated. That's at red brief 42. And just as an example, in the art, in the industry, generally our expert pointed to synchronous time division multiplexing as one example of a particular technique for multiplexing that does use a round-robin pattern from going from one signal to the next, to the next, to the next, sequentially. That's interleaving, isn't it? Your Honor, we think interleaving is another word that could be used here for this, going first one and then the next signal. And so there is an example in the industry, as our expert explained, about STDM that does do that kind of round-robin fashion that would be sequential. And that's consistent with the specification here, which says you can use the connection simultaneously or sequentially to place these signals on the path. Now, in the specification here, it does not give any additional details about how the signals are placed on the path other than that. Are there claims that correspond to sequential use that don't have the term multiplexing signals in them? I don't believe so. But what we do have is claim three, which specifically calls out sequential use. Well, wouldn't that explain why the specification talks about sequential use in some parts? Because there are claims that correspond to it, while there are other ones that require simultaneous multiplexing of signals, which correspond to this claim. I know, Your Honor, because both of these claims, dependent claim two and three, depend from claim one, which does require multiplex signals. So we're already in a world where we're talking about multiplexing. And then when you get to the narrower claims two and three, the only difference, there's one word difference between those two dependent claims. And claim two says simultaneously, and claim three says sequentially. And so that shows that both sequential and simultaneous are included as part of multiplexing. And the board seems to have read all of this as simply a precondition to multiplexing and what the patent means by multiplexing. And so the parts of the specification you point to maybe are a necessary step towards multiplexing, but they are not multiplexing itself. What's wrong with the board's analysis on that point? Sure. So we think certainly combining paths is part of multiplexing, and that's our construction. But it's not simply a precondition. That is how the specification here describes multiplexing, as being able to use simultaneously or sequentially. And so the board's analysis here— What can you point to in, let's say, the specification that shows the board is wrong, according to you, that this is not merely a precondition to multiplexing, but this is multiplexing? Where can I see that? Well, Your Honor, I think what the board is clearly wrong on is that they have excluded the sequential use of placing different signals sequentially on a path. That is clearly excluded by the construction, even aside from this discussion about whether it's just a precondition. That is excluded, but that is not consistent with the specification, because Claim 3, we know, requires sequential use. And then it's described also in Column 5, in the discussion of Figure 6, and that is where we have this sequential and simultaneous use of placing these on a path. And we know that the description in Column 5, with respect to Figure 6, is talking about multiplexing, because if you look at the rest of that paragraph, specifically this is Dependents 147, Column 5, around lines 54 through 57, the rest of that paragraph talks about multiplexing onto a single port. And it says, when you're using a single port, there are still multiple antennas. That piece doesn't change, and we have that in our prior art. But then the question is how the signal streams go from those multiple antennas down to a single path. And so it talks about doing that simultaneously or sequentially, using those different connections from the antennas, the plurality of antennas. The board found, I think, crediting Smart Mobile's expert that there are some absurd results that even your own expert admitted to, if the construction multiplexing is as broad as you say. I think one of them might be, if signals are sent sequentially years apart, according to Apple, that would still be multiplexing. Can you address that? Sure, sure. And as Yael said, these are device claims. So our position is that this is not an absurdity at all. These are the device claims. They have to do with the capability of doing this multiplexing. And so in that situation, if they were sent many years apart, that's just a reality of how the device is being used. It may be a reality, but you don't think that's absurd? No, because the device still has the capability of the multiplexing. So if there are two signals present, then it will handle the multiplexing. But if there's... The question under Judge Stark's hypothetical is that, is this still multiplexing if you have that are sent years apart? Yes, because it's a device that is capable of doing that multiplexing. And whether they're sent years apart, I mean, it could be three minutes apart. It could be 10 years apart. I mean, it's still the device, when two signals are present, then it is able to do the multiplexing and put those on a shared path, either simultaneously or sequentially. So again, the implication, if you look at it the other way, would be that the claims here are only met when you have multiple input sources coming in. And so that would be an odd reading of a device claim, I think. And so are... You're saying the claims are limited to devices that multiplex and are only practiced when multiplexing is happening? I think that's the implication of the board's suggestion here, that it would be absurd if there was nothing on a single channel for 50 years. The implication is the board is saying these claims are only met, multiplexing only happens when you have multiple input sources coming in at the same time. And your honor, just to give you a citation for the industry example I mentioned earlier of synchronous time division multiplexing, where that is a particular technique for putting signals on a path and multiplexing, that's at appendix 492, paragraph 8. That's our supplemental declaration. And he cited appendix 1541, the Peterson textbook that talks about this type of multiplexing. So again, that can be sequential. Now to be clear, sequential does not have to be all of one data flow at a time and then all of a second one. This can be one connection at a time. It can be part of one flow. It could be part of the second flow. That's how STDM works. And so the board's construction here that reads out all of communications for putting these on a path simply is not consistent with the intrinsic evidence or the extrinsic evidence we've cited as well. Can you talk a little bit about the dictionaries? That's some of the extrinsic evidence that I think the board relied on here. You're not happy with what the board found in the dictionaries, but I think we have a pretty deferential standard of review of what the board said about dictionaries. Isn't that right? Yes, that's correct. So extrinsic evidence is reviewed for substantial evidence. Our position is the court can certainly decide this claim construction issue on the intrinsic evidence only, which is de novo, without considering extrinsic evidence. But even looking at the dictionaries, they do not contradict what we have suggested here. They say, as we recognize, that multiplexing involves signals, and you do that by moving the signals onto a single shared path. So those are consistent with our position that, again, the point here is moving to a single shared path. And there is nothing in the specification here that gives more details about what technique or what particular process you would use to put the signals or combine the signals on that shared path. We've addressed our construction at the same level of granularity that the patent describes. Are you saying there is not substantial evidence for the dictionary definitions that were credited by the board? Your Honor, we're just saying that the those dictionaries is not the correct, what the board did was not correct. The board was, again, focused on the fact that they talked about signals, but we recognize that multiplexing is about signals, and that's what we are talking about by combining data paths. The signals on those data paths are combined. Could you address the prior art, Bernard? Yes, Your Honor. Under our construction, Bernard is very simple. The analysis, there are four circuits, four communication paths that are incoming and combined into a single path, serial interface 701. Now, we've also argued that even under the board's construction, Bernard would teach simultaneously putting these communication paths on that single serial interface. This is based on column 26 of Bernard, lines 58 through 60. It expressly says that a skilled artisan will understand that an alternative interconnection could be used that would allow multiple connections to be established simultaneously. So the reason the board rejected this art is because of Bernard's earlier statement, one sentence earlier that said, only one connection can be made at a time. But the immediately following sentence that we've cited says, or there's another variation where you can use another embodiment or another interconnection that would allow them to be established simultaneously. So the only basis for the board's rejection of this, even under the board's construction, is immediately undermined by the following sentence. And there's a sentence after that that says, that gives an example of this, of someone talking on the phone and also receiving data over a cellular connection. That's at line 60 through 65 of column 26. So the board only briefly addressed this evidence, and it essentially said there was not enough details here to talk about how this would be used in the combination. We believe that was a legal error because obviousness does not require showing... The board said that Apple fails to identify the alternative connection or explain how it can be incorporated into the combination. Is that correct? That's correct, your honor. And we believe that's an error because we do not have to show additional details or structure that are not claimed. In the claim, what we've shown is the exact functionality that the board was concerned about, whether these could be connected simultaneously, established simultaneously. And so that is enough. We do not have to show kind of what the overall combination would look like, in a way that goes beyond what is actually claimed. And we did submit evidence on this as well. We had paragraphs 45 and 46 of our experts reply declaration. This is at appendix 2567 and 2566. This talks about how the alternative interconnection would be used. That was submitted in response to Smart Mobile's argument about this structural issue. Again, we think the board's analysis did not address that evidence and was focused on requiring more than an Could you enter your rebuttal time? Yes, your honor. Okay. Thank you. Counselor Graves, you have 18 minutes and two minutes for your cross-referral. Thank you, your honor. Philip Graves for Smart Mobile Technologies. So let's talk about claim construction first. The board's construction was correct. Apple's construction is not supported by either the intrinsic or extrinsic evidence. There's also a forfeiture issue with respect to the 1248 and 1249 IPRs. I won't go into that in my discussion today unless the court has any questions about it. So with respect to the intrinsic evidence, the most significant element of the intrinsic evidence is that the claims themselves, each of the claims at issue, recites that it is signals that are multiplexed, not paths. Apple's construction effectively reads signals out of the construction and substitutes paths. The patent team knew how to claim paths that are combined or multiplexed because we see them do it in other claims of each of the patents at issue. For the 653946 patent, claim 17 recites paths that are combined. And in response, Judge Hughes, I believe it was to your question, that claim could conceivably read on signals that are sequential but not necessarily combined because it looks to paths that are combined, not signals. And in limitation 1F in the 075 patent, the claim specifically recites multiplexed paths. So the patent team knew how to claim what Apple is now trying to incorporate into the claim directed to signals in each of these patents but did not use the language that Apple is seeking. How do you respond to the arguments about dependent claims 2 and 3? Apple seemed to suggest just now that one of them is sequential and one of them is simultaneous. Yeah, that's very easy. So claim 2 is sequential, claim 3 is simultaneous or it might be the other way around. It doesn't matter because those claims, each of them has a two-part structure. One looks to the nature of the transmission, right, whether it's sequential or simultaneous. And then in the subsequent clause, it looks more to the processing, right, which is where the multiplexing is recited. So those claims are not either reciting or suggesting that the multiplexing is necessarily simultaneous or sequential in a definitional context. It's just looking to the nature of the transmission and then the nature of the processing. Can you just elaborate on that at a common sense level for me? What is happening sequentially in claim 2 or claim 3 and why is that not multiplexing? I'm just having a hard time following at a sort of common sense level. Sure. So claim 2 depends from claim 1 wherein a single transmission connection is further comprised of at least two or more wireless transmit and receive connections. So looking at the connections first, simultaneously transmitting and receiving using the antennas. So there, the simultaneous or sequential, right, claim 3 looks to the is just talking about the transmission of the signals, okay. They can be simultaneous or sequential. And then in the next clause, and wherein, so second clause, and wherein the processor multiplexes the receiving signals into the single transmission connection, okay. So it's the processor that is multiplexing the signals that are received simultaneously or sequentially. So we have two different steps in the process. I think I understand what you're saying, but I might have it completely wrong. Is it what you're saying is you could have two transmitters and they can either be operating simultaneously or sequentially, but then it goes through the multiplexer and it sends a multiplex signal through to the end, whatever point. And so whether or not it's sequential or simultaneous from the transmission, it's then multiplexed into one single. That's exactly right. Okay. Yeah, and that's done at the processor. So that's why claims 2 and 3 are irrelevant here. Okay. So when it's sequential transmission, it's still not sent all through from one side at once, all through from the other side after that. It's transmitted to the multiplexer sequentially, but then it's combined into one string. Correct. Correct. Multiplexing hasn't happened until the combination of the signals happens. Correct. How do you multiplex a data path? You can't, can you? You can't, really. I mean, I shouldn't say that. It's possible to multiplex a path, but multiplexing a path doesn't necessarily or even... You're multiplexing signals. Right. That's the key, is that each of the claims recites multiplexing signals, not paths, right? So even if a path is multiplexed in the sense that two paths are combined into a single path, that doesn't necessarily mean that signals sent over those paths are going to be multiplexed. And that's the scenario, for example, where you have two phone calls that are unrelated, that are 50 years apart, right, going to the same phone. Apple's expert said, and it's important to understand this, Apple's expert testified probably six or seven times prior to his epiphany about the meaning of multiplexing being paths instead of signals. He testified over and over again that multiplexing and interleaving refers to signals, signals that are combined, messages that are combined, data flows that are combined, not paths, okay? So anyway, to get back to your question, yes, you could have paths that are combined, but the signals that are sent over those paths aren't necessarily combined. The signals have to be multiplexed over those paths. And the mere fact that paths might be combined in some sense doesn't satisfy the requirement of multiplexing signals. Additional intrinsic evidence is there's a sentence in the specification. Let me ask you this. The way I understand Apple's argument is they're saying that multiplexing is combining of data paths into a single path regardless of whether the communication is simultaneous or sequential, right? Did they make that argument below? Did they offer any construction argument at all? Only in one of the IPRs. In the 1248 and 1249 IPRs, they did not offer that construction, either expressly or implicitly. Their analysis of Bernard and Yagoshin in the 1248 and 1249 IPRs looked only to this idea of sequential or simultaneous transmission, but it was transmission of signals, not simultaneous or sequential use of data paths. So they forfeited their current claim construction argument in both of those IPRs, and we've addressed that in the briefs. And the situation here doesn't fall under any of the exceptions to forfeiture that are articulated in, for example— It doesn't really matter though, right? Because in one of the cases, we have to resolve it because they did preserve it. And if we agree with you, then it applies to the other cases regardless of the forfeiture. That's correct, Your Honor, and that's why I'm not taking a whole lot of time on that. In my argument. So there's one other piece of intrinsic evidence that is important here, and that is that the specification actually recites that in the invention, signals are multiplexed at each end. And tellingly, Dr. Jensen, Apple's expert, testified that that language in the specification referred to interleaving messages, not data paths, messages. In other words, messages, signals, actual data. So we have the two most significant portions of the specification which actually address multiplexed signals, and Apple's own expert testified inconsistently to their current proposed construction. Can you give me the citations? I'm sorry? Can you give me the citations to where in the specification I can see that? Certainly. So in the specification, in the appendix for the 1607 appeal, that's appendix 146, column 3, lines 47 to 48. And the relevant pages, that's for the 653 patent, the other relevant pages are appendix 161, and in the 1090 appeal, appendix 56. And the citation to Apple's expert testifying as to what that language means is appendix 3796, and 5873 in the joint appendix for the 1607 and 1609 appeals, and that's at page 28, line 10 to 29, line 15, and in the 1090 appeal, appendix 2473. So could you address, as Oliver referenced, I'm not sure which patent, but claim 3, column 5, and figure 6 as all, she says, intrinsic evidence strongly supporting Apple's construction, if you follow what she's referring to. Right. So claim 3 is the claim 2, claim 3 issue that we discussed previously. So figure, I think figure 6 is, I think, what you're referring to, which is, I think, right. Okay. So that shows this cradle embodiment that's described in the patent. Now that's not claimed in any of the claims at issue here. And actually, there is a set of claims addressed to that cradle patent, but it's in a different patent in the portfolio, which is, you know, not before the court. So the cradle embodiment, even if it were covered by the claims, and Dr. Jensen admitted that he performed no analysis to try to determine whether the claims actually cover this cradle embodiment, even were it covered, it wouldn't be relevant intrinsic evidence because the sequential simultaneous reference in this paragraph that my colleague has referred to covers the input output ports of the cradle, like the landline and the ports to the docked PDA or mobile device. Okay. And then subsequently, later in the paragraph, the patent states that in addition to what's already been described, in other words, the input output ports that can transmit sequentially or simultaneously, there can be a universal port and signals could be multiplexed over that universal port. And this is key. The languages can be multiplexed over it as opposed to the input output ports that were previously described. So the patent itself, it doesn't say or suggest that sequential simultaneous transmission is multiplexing. It actually distinguishes the sequential or simultaneous transmission over the input output ports, you know, 608, 610, from the universal port over which signals could be multiplexed. So that doesn't, not only does it not support Apple's construction, it's contrary to it. Just one other thing she said I'd like to get your response to. She says that one of the red briefs at 42, you conceded all of this away and indicated her construction is correct. No, no, that's, that's, of course, what she's talking about. No, I don't. Okay, if I could, I'd like to, unless the court has further questions about claim construction, I would like to address the issue of Bernard. So the court made quite a few factual findings concerning the prior art, the Bernard prior art. And those factual findings are all well supported in the record. You know, the court cited to the relevant portions of Bernard and the findings in fact clearly align with what's disclosed in Bernard. As a result of those factual findings, the court found that Bernard does not disclose or suggest multiplexed signals. Now, on appeal, Apple narrows the issue down really to this one issue of this alternative interconnection. So Apple says, you know, well, Bernard actually discloses this alternative interconnection that says that you could have more than one of the above-mentioned connections being used simultaneously. And there's an example given of data being sent out over a modem and a cellular connection while a user is talking on the landline. So Apple says, well, that's enough. That disclosure right there, those two sentences, is enough. But what do they have to show? They, it's not sufficient for them just to show that there are two connections that are being used simultaneously. Under their theory, they have to show that signals are being multiplexed specifically over the serial interface 701. And so this alternative interconnection is an alternative to figure 14, which has nothing to do with serial interface 701 or with the packet interface that they claim is the element that operates as a multiplexer. Okay? So there's a complete disconnect there. They keep saying over and over again, well, there must be multiplex signals over the serial interface. Are you going to address your cost appeal before you run out of time? Okay. One, yes. Thank you, Your Honor. One additional point with respect to this, Bernard. Even the example that they point to for the alternative interconnection, which there was no explanation of what it was or how it could be incorporated into the combination. Even the shows that there's no multiplexing. Because if you look at figure 14, the interconnections that are described there are a cell phone, a phone modem, a landline, and a mic, and a speaker jack. So the example, in the example that's given in the patent, there could not be any multiplexing over serial interface 701. Because if you read what's in column 26, lines 1 to 55, and the paragraph rejecting this alternative interconnection, it makes it quite clear that the user having the voice conversation in this example is happening entirely in the cradle. Only in the cradle. There's nothing that's crossing the serial interface as a result of that voice connection. You know, it's possible that the application could set up a call over the serial interface, but the actual call itself is happening only in the cradle. There's nothing crossing the serial interface. So at most, you would have a single signal stream or packet stream crossing that serial interface, which would be the data that's going out to the phone modem. So again, no multiplexing. And the board's conclusion that Apple failed to explain its combination using this alternative interconnection is well supported in the record. With respect to the cross-appeal, it's very simple. Apple submitted no evidence of a motivation to combine with respect to Yagoshin and Bernard, with respect to Claim 17. Smart Mobile? They cross-referenced their arguments in Claims 1 and 14. I'm sorry, what? They cross-referenced arguments in other claims. Claim 1, I think. Not with respect to Claim 17. I do not believe that they actually cross-referenced the argument. In Claim 17, I do not believe they cross-referenced Claim 1 for the purpose of motivation to combine. But we're not— You look through 17 and they're cross-referencing for all the limitations back to their arguments in 14 and 1. That is true. They don't have a lot of pages. You're all limited to pages. They don't have to The board clearly understood what they were doing and they cited the argument. It's not the most fulsome explanation, but in Appendix 105 and 106, they say a petitioner argues that a skilled artisan would have seen benefits to implementing it. And they find that that's enough. And that's right, Your Honor. And we're not taking the board to task here for reaching back to Claim 1. That's not our argument. What we're doing, or what we're saying is, the board reached back to Claim 1 to find the motivation to combine evidence, but then the board stated that neither Smart Mobile nor Dr. Kuklev, Smart Mobile's expert, contested any of that evidence. That's not what this says. That's not what it is. It's a specific reason. Did you contest this specific reason? Not all your arguments on Claim 1, but just this specific reason? Yes. Yes, we did. Where? I will tell you in just a moment, Your Honor. Okay, so in the appendix, in the joint appendix for 1607-1609, we have actually 25 pages of Dr. Kuklev's declarations. But here's some of it. Appendix 582 to 583, 3731 to 3732, 4688. This is all in our briefs. What volume is it? I'm sorry? What volume? I don't know. I would guess it's probably volume 1. 582 to 583 is volume 1. It spans multiple volumes because, you know, the volumes span the two, the appeals from the two IPRs, 1248 and 1249. Possibly give us just one focused example where Dr. Kuklev addresses the explanation that the board says it never saw Dr. Kuklev address that explanation. Okay, so I believe, so appendix 582 to 583, appendix 4688 to 4689. Wait, can you just point us on 582? Like there's a very specific argument that the board accepted here, which was a skilled artisan would have seen benefits to implementing Bernard's cradle functionality in the mobile device to avoid the need for a separate cradle device. Where do you say they wouldn't have done that? That that wasn't a benefit or they wouldn't have done that to make that benefit? Because that's what the board relied on. Bernard has a cradle device. So there's two different things.  And they, the board said, well, they would have implemented that functionality into Yugoshan's single device because it gets rid of the need for a cradle. That seems pretty logical to me. Did you respond specifically to that point? We responded to the point that adding Yugoshan, adding Bernard's functionality to Yugoshan would provide, on net, a benefit to, that would be seen by a posita. So, yes, we did respond to that because the board and the court. Did you say it wouldn't make that, that wouldn't be more efficient? Or did you say it wouldn't work? Because those are two different things. I believe we said that the detriments to doing so, we said a number of things. One of which was the detriments to doing so would outweigh the benefits. And under the Hennepinney case, the board and the court must look not only to alleged benefits, but benefits and detriments and to the weighing of both. And here, the important point is the court said that we didn't controvert the evidence. No, they didn't say that you didn't controvert all the evidence. They said you didn't controvert that specific explanation that they cited. And that's a quote from the petition. Where did you respond to that specific quote from the petition? So, let me see. No reason, there'd be no reason for Yugoshan's cellular WLAN phone to use cellular and WLAN networks through the cradle's serial interface. So the combination phone would use Yugoshan's internal cellular and WLAN networks. The streams would not pass through the serial interface. It sounds like it doesn't work. Not that it wouldn't provide a benefit.  OK. Sorry, you're way over. OK. You can maybe get back to some of this under a model. But Judge Stark has some questions. Well, it's really just, were you just reading from 582 and 583 or? Yeah, I was reading from that. That is the point that was being made at 582 to 583 and 4688 to, I'm sorry. Yeah, 4688 to 4689. Your appeal is based on us seeing in those pages you just cited an argument that the board says you didn't make. Is that what it comes down to? Not exactly. What it comes down to is that Smart Mobile contested the motivation to combine. Which the board has to look at the totality of the benefits and detriments. But can't we presume that they did and then they looked at this specific reason and said this specific reason is good enough. There's substantial evidence. The fact that they didn't address all of your other arguments against it is not something they're required to do. Our job, you're arguing for an APA violation. It's only an APA violation if we can't discern their legal conclusion, the facts supporting it, and the rationale. Well, that paragraph is not super fulsome. But it says, here's the petitioner's argument. We agree with it. Smart Mobile didn't directly confront it. If all those things are true and there's substantial evidence, then there's no APA violation. Well, we would submit that there is an APA violation if the board made it clear that it did not consider evidence that was submitted on that exact point. Well, you have not cited sufficiently to me any evidence on that exact point. You had a whole host of reasons that motivation to combine wasn't there. The board found a separate one and said, you didn't rebut that one. We can look at the record. But I don't think you've pointed at anything in 582 to 83 to rebut that specific statement. OK, so we're not relying solely on 582 to 583, but on the citations that are in our brief addressing motivation to combine as a whole. And the board made it clear that they did not consider all of the aspects of the lack of motivation to combine that were asserted in our briefs and in our declarations. We believe that's an APA violation. Thank you. I believe we have your argument. Thank you. Thank you. Your Honor, just a few points in rebuttal, and I'll respond to the cross-appeal as well. First, just since there was some confusion about what I cited in the red brief, let me just be very clear. On red brief 42, Smart Mobile says at the very top. Which you have two red briefs. Oh, I'm sorry. The first red brief in 24-1607. Thank you. In 42, it's the first sentence. It carries over from the prior page. Smart Mobile here is addressing some extrinsic evidence that we submitted. They say a different portion of Exhibit 1013 was cited to show that multiplexing was known and does not require that multiple data flows be simultaneously communicated. Points that Smart Mobile does not contest. This was also a statement that Smart Mobile made before the board at Appendix 4835. This is in their surreply. They addressed an Apple argument that multiplexing does not require simultaneous communication of signals. And they say patent owner. Doesn't mean they don't have to be mixed eventually in order to be multiplexed. That's their whole point, isn't it? Your Honor, and let me get to this. I think this is a slightly different version of the arguments that we have heard today. It's more granular than that has been discussed and that was addressed before the board. The basis for the board's reasoning in rejecting Bernard was that Bernard can only have one connection established at a time. So the discussion that we had here about you could receive different signals at a transmitter, then maybe that could be simultaneous or sequential, and then you would hold them or something and then send them to the multiplexer. That was not the basis of the board's reasoning. The board said because you can only have one connection at a time, that was enough to reject the art. But sequentially, if you allow sequential communication, receiving it at the transmitter, then that would, Bernard would teach that. Because you can have, even if you have one connection at a time, that can be sequential. So I think the focus of the argument today is a little different than what the board actually relied on. And again, we're talking about this at a level of granularity that is just not in the specification, excuse me. So the specification just doesn't talk about the process of once you have received these multiple signals from different antennas, what you do at that point, how you put those on a path. That's just not described. The specification used multiplexing much more generally to just share resources. In our briefing, we cited multiple pieces of column nine, where it just talks about multiplexing resources to use for different purposes. So I think it's used more generically. Now, quickly on the alternative argument about Bernard's alternative- Address cross-appeal. We didn't ask him any questions, I think, about the alternative argument. The paragraph was on page 105 and 106. That's the only reasoning we have on motivation to combine, right? That's correct. And it doesn't address any of the arguments they made against motivation to combine. That's true, right? It does not describe them, no. Why isn't that an APA problem? Because we still know a discernible path. All the APA requires is the agency provide a discernible path and enough for this court to review. They did. They cited specific benefits that we identified for this combination. And that is enough. And there is substantial evidence to support those. And those specific findings are not challenged. There would be a benefit to adding Bernard. How do I discern what the board thought of the bottlenecking argument that they clearly made against your motivation to combine? Your Honor, we can assume that the board implicitly rejected it. We, for example, in Medtronic versus Teleflex, the court said that just because the board does not explicitly address an argument, it doesn't mean that the board failed to consider it. So it's fair to assume the board considered it. How do I discern how they rejected it? How can I reasonably know what they thought was lacking in that argument? Sure. Your Honor, the court doesn't have to be able to address that because the evidence that they did provide about the benefits is enough to show that there is a motivation here. Now, let me also point out, there were two scenarios that we addressed in our— Your Honor, may I finish my answer to this question? I see my time's expired. There were two scenarios that we presented. One was just adding Bernard's cradle. The second was incorporating it into Yegosheen. The bottleneck argument was only raised for the second scenario. It was not part of the first. And the first, the argument against this, was simply that adding Bernard would be duplicative. It wouldn't add anything because Yegosheen already had IP and WLAN. But at Appendix 584, their own expert admits that adding Bernard would add GPS capability. So there is still a benefit for that first scenario, even if you don't consider the second scenario where the bottleneck argument was raised. Okay, I think we have your argument. Thank the parties for the arguments. This case is now taken under submission. Oh, did you— He still has time. I don't know if you want it. He has a rebuttal. On his cross again. Okay, that's right. I don't know if he has anything further to say. I think he probably wants it. Okay. Yeah, with respect to the, you know, the bottlenecking argument is for the combination, is for the integrated scenario. With respect to the, you know, the phone plus cradle scenario, I mean, that's what we were discussing earlier. And we have— Well, it gives a reason why it would be beneficial, right? I mean, it's only in those two sentences, but it gives a reason. Well, so, I mean, you're not going to make good use of your time disputing what the board says. We've already read about that and talked about it. It gives a reason. Right. And as long as we find that reason is good enough and it's supported by substantial evidence, the board's not required to go through and reject every single one of your arguments in opposition. For us to review, we have to know what the basis of their decision was and whether it was supported by substantial evidence. Yes, that is correct, generally speaking. But here, I mean, the essence of our argument is that if the board is going to reach back to claim one to find the motivation to combine evidence, which was not specifically cited with respect to claim 17, then it needs to do the same for Smart Mobile's argument and evidence. And we believe that the single sentence— Why? What legal requirement says it has to go back to claim 17? It can't explicitly go through all of your evidence and reject it if it found in favor of Apple a motivation to combine based upon one of their arguments. We don't have a case law that says that. So it's not our argument that the board has to articulate in its FWD that it has reviewed every single argument that's been made. But here, we have something different. We have the board saying that Smart Mobile and Dr. Kuklev did not contest the motivation— That's not true. That's not what that sentence says. If we read that sentence as saying you didn't respond to that specific explanation instead of you didn't respond to motivation and combine, which is what it says, then you are overstating the board's decision. They didn't say you didn't respond on motivation to combine. They said you didn't respond. That would be an error. They said you didn't respond to this specific argument. Well, I don't believe the board articulated it in quite that way, that they didn't respond to this specific argument. I mean, do you want to look at that paragraph? Yes. It says neither petitioner nor Dr. Kuklev addresses that explanation, which is referring back to the explanation that preceded it. All right. I see that you are correct. I'm correct, Your Honor. They did not say you submitted no argument at all on motivation to combine. True, but if the board is relying on a specific piece of evidence for motivation to combine, that then there is at least some duty incumbent on the board to explain why it is rejecting the copious evidence submitted contrary to a motivation to combine. What case says that? I believe the Nuvasiv case. There has to be some explanation as to what the board's reasoning was. And just simply articulating a portion of one party's evidence and then saying the other party didn't respond to it when there's additional evidence bearing on that point, right? Bearing on the point. Let me ask you one hypothetical. Let's assume the board is right that you didn't respond to that specific explanation. I know you dispute it. We can look through ourselves to parse your responses to see if it responds to that specific explanation. But if the board's right that you didn't respond, then they did consider the universe. They said one thing. You failed to respond, which is your response. Why isn't that good enough? But the only evidence that the board articulated that was submitted by SmartMobile was the evidence that was submitted specifically with respect to Claim 17. The board didn't give any indication in this discussion concerning motivation to combine regarding Claim 17 where it reached back to Claim 1 to find the evidence submitted by Apple that it actually considered any of the evidence submitted by SmartMobile with respect to Claim 1. That's the issue for us. I mean, you can review this paragraph and you won't see any reference to any even citations, right? You won't see any reference to SmartMobile's evidence contrary to motivation to combine that was submitted for Claim 1. So if the board is going to reach back to Claim 1 to find Apple's motivation to combine evidence, we would submit that there's simply not a sufficient explanation by the board as to suggesting that the board actually considered SmartMobile's evidence. All right. Thank you. Thank you. We thank the party for their arguments. The case is taken under submission.